NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

HUNTON & WILLIAMS LLP
Timothy J. Toohey (State Bar No. 140117)
ttoohey@hunton.com
Catherine Allen (State Bar No. 211574)
callen@hunton.com
Connie Y. Tcheng (State Bar No. 228171)
ctcheng@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:   (213) 532-2020

Attorneys for Plaintiff
DECKERS OUTDOOR CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>ALDO U.S. INC., a Delaware corporation, et al.,<br><br>             Defendants. | CASE NO.:  CV 08-07289 R (FFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:    Hon. Manuel L. Real<br>Ctrm.:    8 |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Deckers Outdoor Corporation ("Deckers"), Defendant Aldo U.S. Inc., Defendant Groove Footwear LLC, Defendant Tween Brands, Inc., Defendant Steve Madden, Ltd., Defendant Urban Outfitters, Inc., Defendant Alloy Media, LLC, and Defendant Bon-Ton Stores, Inc., as follows:

## I. APPLICABILITY AND SCOPE OF STIPULATION

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively, "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. If an exhibit, pleading, interrogatory answer or admission (collectively "discovery response"), deposition transcript, other transcript of testimony, declaration or affidavit (collectively "testimony"), or a document or thing contains information considered confidential by a party, such exhibit, pleading, discovery response, testimony, or document or thing shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3. In connection with an exhibit, pleading, discovery response, document or thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

4.  As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the receiving party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. As a general guideline, a document should be designated "Confidential-Attorneys Eyes Only" when it contains the following highly sensitive information: financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties.

5.  All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorneys Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6.  All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 10-13.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within ten (10) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within ten (10) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of ten (10) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 11-13 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8. All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential" or "Confidential-Attorneys Eyes Only," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential" or "Confidential-Attorneys Eyes Only" and shall be maintained by the Court <u>in camera</u> by filing the same in the Clerk's Office in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the legend "Confidential" and a statement substantially in the following form:

This envelope, containing documents that are filed in this action by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or agreement of the parties.

9. As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

    (a) For Plaintiff: The attorneys, paralegals, agents, and support staff of Hunton & Williams LLP.

    (b) For Defendant Aldo U.S. Inc.: The attorneys, paralegals, agents, and support staff of Cooley Godward Kronish LLP.

    (c) For Defendant Groove Footwear LLC: The attorneys, paralegals, agents, and support staff of Law Offices of Christine Karol Roberts.

    (d) For Defendant Tween Brands, Inc.: The attorneys, paralegals, agents, and support staff of Seed IP Law Group PLLC, and Keats, McFarland & Wilson LLP.

    (e) For Defendant Steve Madden, Ltd.: The attorneys, paralegals, agents, and support staff of Blakely Law Group, and Ostrolenk, Faber, Gerb & Soffen, LLP.

    (f) For Defendant Urban Outfitters, Inc.: The attorneys, paralegals, agents, and support staff of White & Case LLP.

    (g) For Defendant Alloy Media, LLC: The attorneys, paralegals, agents, and support staff of Knobbe Martens Olson & Bear, LLP, and Kane Kessler, P.C.

    (h) For Defendant Bon-Ton Stores, Inc.: The attorneys, paralegals, agents, and support staff of Knobbe Martens Olson & Bear, LLP, and Barley Snyder LLC.

    (i) Others: Such additional attorneys (and their paralegals, agents and support staff) as enter an appearance in this matter for any existing or additional party, as may be ordered by the Court or subsequently may be agreed upon by the parties, provided that such attorneys sign the Acknowledgement of Terms of Protective Order, attached hereto as Exhibit "A".

10. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for any party, and to the persons designated below and only subject to paragraphs 12-13:

    (a) A party, or an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

    (b) Independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (c) Court reporter(s) employed in this action;

    (d) Agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

    (e) Witnesses in any deposition or other proceeding of this action;

    (f) Any other persons as to whom the parties in writing agree.

11. Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for any party, and to the persons designated below and subject to paragraphs 12-13:

    (a) Independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

   (b) Respective authors and recipients of any material bearing a "Confidential-Attorneys Eyes Only" legend;

   (c) Court reporter(s) employed in this action;

   (d) Agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

   (e) Witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past; and

   (f) Any other persons as to whom the parties in writing agree.

  12. Any officer, director, or designated employee of a party under paragraph 10(a) or individuals identified under paragraphs 10(b) and 11(a) having access to Confidential Information shall be given a copy of this order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit "B" attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Witnesses being shown Confidential Information at a deposition or proceeding shall not be allowed to retain copies of the Confidential Information. However, a witness who was shown Confidential Information during a deposition may review the Confidential Information while reviewing his or her transcript, provided that any Confidential Information is

1 not retained by the witness after he or she has completed his or her review of the
2 transcript for accuracy.

3     13.    For the purpose of this Protective Order an independent expert or
4 consultant shall be defined as a person, who has not been and is not an employee of a
5 party or scheduled to become an employee in the near future, and who is retained or
6 employed as a consultant or expert for purposes of this litigation, either full or part-
7 time, by or at the direction of counsel of a party.

8     14.    If any party desires at a hearing to offer into evidence Confidential
9 Information, or to use Confidential Information in such a way as to reveal its nature or
10 contents, such offers or use shall be made only upon the taking of all steps reasonably
11 available to preserve the confidentiality of such Confidential Information, which may
12 include the offering of such Confidential Information outside the presence of persons
13 other than court personnel and counsel.

14     15.    Any Confidential Information may be used in the course of any
15 deposition taken of the party producing such Confidential Information or its
16 employees without consent, or otherwise used in any deposition with the consent of
17 the party producing such Confidential Information, subject to the condition that when
18 such Confidential Information is so used, the party who made the designation may
19 notify the reporter that the portion of the deposition in any way pertaining to such
20 Confidential Information or any portion of the deposition relevant thereto is being
21 taken pursuant to this Order.  Further, whenever any Confidential Information is to be
22 discussed or disclosed in a deposition, any party claiming such confidentiality may
23 exclude from the room any person not entitled to receive such confidential
24 information pursuant to the terms of this Order.

25     16.    A Receiving Party who objects to the designation of any discovery
26 response, document or thing or testimony as "Confidential" or "Confidential-
27 Attorneys Eyes Only" shall state the objection by letter to counsel for the Producing
28 Party.  Parties shall make a good faith effort to avoid the Court's involvement to

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071*

resolve disputes.  If the objection cannot be resolved within ten (10) days following receipt of the objection, the Receiving Party may move the Court to determine whether the discovery response, document or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only."  If the Receiving Party files such a motion, the discovery response, document or thing or testimony at issue will continue to be entitled to the protections accorded by this Protective Order until and unless the Court rules otherwise.  If the Receiving Party files such a motion, the Producing Party shall bear the burden of establishing that the discovery response, document or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only."  Nothing herein shall operate as an admission by any Party that any particular discovery response, document or thing or testimony contains "Confidential" or "Confidential-Attorneys Eyes Only" Information for purposes of determining the merits of the claims in this litigation.  A party shall not be obligated to challenge the propriety of the designation of any discovery response, document or thing or testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time.  Further, a Party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any discovery response, document or thing or testimony to the Court for any purpose.

17. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the

1 receiving party shall return said unmarked materials and not retain copies thereof, and
2 must treat such exhibits, pleadings, discovery responses, documents or things, or
3 testimony as Confidential Information and shall cooperate in restoring the
4 confidentiality of such Confidential Information.  The inadvertent or unintentional
5 disclosure by a party of Confidential Information, regardless of whether the
6 information was so designated at the time of disclosure, shall not be deemed a waiver
7 in whole or in part of a party's claim of confidentiality either as to the specific
8 information disclosed or as to any other information relating thereto or on the same or
9 related subject matter, provided that the non-producing party is notified and properly
10 marked documents are supplied as provided herein.  The receiving party shall not be
11 responsible for the disclosure or other distribution of belatedly designated
12 Confidential Information as to such disclosure or distribution that may occur before
13 the receipt of such notification of a claim of confidentiality and such disclosure or
14 distribution shall not be deemed to be a violation of this Protective Order, yet the
15 receiving party must take reasonable steps to retrieve the Confidential Information.
16        18.     Documents and things produced or made available for inspection may be
17 subject to redaction, in good faith by the producing party, of sensitive material that is
18 subject to the attorney-client privilege or to work-product immunity.  Each such
19 redaction, regardless of size, will be clearly labeled.  This paragraph shall not be
20 construed as a waiver of any party's right to seek disclosure of redacted information.
21        19.     Neither the taking of or the failure to take any action to enforce the
22 provisions of this Order, nor the failure to object to any designation or any such action
23 or omission, shall constitute a waiver of any signatory's right to seek and obtain
24 protection or relief with respect to any claim or defense in this action or any other
25 action including, but not limited to, the claim or defense that any information is or is
26 not proprietary to any party, is or is not entitled to particular protection or that such
27 information embodies trade secret or other confidential information of any party.  The
28 procedures set forth herein shall not affect the rights of the parties to object to

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

20. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorney's Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) Whether any particular information is or is not Confidential Information;

(b) Whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) Whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

21. The terms of the Protective Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Protective Order. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

22. Within thirty (30) days following the conclusion of this litigation, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, destroyed or disposed of pursuant to the instructions of the producing party.

23. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court. This

1 Protective Order is without prejudice to the right of a party hereto to seek relief from
2 the Court, upon good cause shown, from any of the provisions or restrictions provided
3 herein, including seeking modifications to the Protective Order that may broaden or
4 restrict the rights of access to and use of Protected Materials.

## II. GOOD CAUSE EXISTS TO ENTER INTO THE STIPULATED PROTECTIVE ORDER

1. Good cause exists for this Court to enter the Stipulated Protective Order, because disclosure of any Confidential Information would harm the parties financially and allow competitors to gain unfair advantage. Competitors will gain an unfair advantage over the parties if they learn the parties' Confidential Information, such as their financial information, accounting information, customer lists, vendor lists, costs or profit structure, sales information and sources, vendor sources, retail channels, product lines, business and marketing strategy, or information concerning distribution or operations. The Confidential Information should be protected, because it reveals the parties' current financial status, business strategy, business structure, future opportunities and efforts, the quality of the products, the manufacturing times and sources, and retail prices and costs. This information will give others an unfair price and time advantage and allow them to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties.

2. Good cause further exists in that this Stipulation would allow for both parties to disclose documents required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of Confidential Information to their competitors and/or to the public.

/ / /
/ / /
/ / /
/ / /
/ / /

11

The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction.

**IT IS SO ORDERED.**

Dated: March 31, 2009

By: _____
The Honorable Manuel Real
United States District Judge

**APPROVED AS TO FORM:**

Respectfully submitted,

Dated:  March 30, 2009     HUNTON & WILLIAMS LLP

By: /s/ Timothy J. Toohey
Attorneys for Plaintiff
DECKERS OUTDOOR CORPORATION

Dated:  March 30, 2009     COOLEY GODWARD KRONISH LLP

By: /s/ Kathleen Treiber
Attorneys for Defendant
ALDO U.S. INC.

Dated:  March 30, 2009     LAW OFFICES OF CHRISTINE KAROL ROBERTS

By: /s/ Christine Karol Roberts
Attorneys for Defendant
GROOVE FOOTWEAR LLC

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071

| | | |
|---|---|---|
| 1 | Dated: March 30, 2009 | SEED IP LAW GROUP PLLC |
| 2 | | |
| 3 | | By: /s/ Nathaniel E. Durrance |
| 4 | | Attorneys for Defendant TWEEN BRANDS, INC. |
| 5 | | |
| 6 | Dated: March 30, 2009 | OSTROLENK, FABER, GERB & SOFFEN LLP |
| 7 | | |
| 8 | | |
| 9 | | By: /s/ Gregory A. Gibbs |
| 10 | | Attorneys for Defendant STEVE MADDEN, LTD. |
| 11 | Dated: March 30, 2009 | WHITE & CASE LLP |
| 12 | | |
| 13 | | By: /s/ Glenn Trost |
| 14 | | Attorneys for Defendant URBAN OUTFITTERS INC. |
| 15 | | |
| 16 | Dated: March 30, 2009 | KNOBBE MARTENS OLSON & BEAR, LLP |
| 17 | | |
| 18 | | |
| 19 | | By: /s/ Lynda Zadra-Symes |
| 20 | | Attorneys for Defendant ALLOY MEDIA, LLC |
| 21 | | |
| 22 | Dated: March 30, 2009 | KNOBBE MARTENS OLSON & BEAR, LLP |
| 23 | | |
| 24 | | By: /s/ Lynda Zadra-Symes |
| 25 | | Attorneys for Defendant BON-TON STORES, INC. |
| 26 | | |
| 27 | | |
| 28 | | |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

# EXHIBIT A

## ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER

I, _____, represent _____ in the matter <u>Deckers Outdoor Corporation vs. Aldo U.S. Inc., et al.</u>, Case No. CV 08-07289 R (FFMx).  I hereby acknowledge that I have received the Protective Order entered in the above-referenced action, and that the attorneys, paralegals, agents and support staff of counsel for _____ in the above-referenced action agree to comply with and be bound by the terms of said Order unless and until modified by further order of the Court.

Dated:_____          By: _____

                                            _____

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071

# EXHIBIT B
# ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Protective Order entered in <u>Deckers Outdoor Corporation vs. Aldo U.S. Inc., et al.</u>, Case No. CV 08-07289 R (FFMx).  I agree that I will not disclose any information received by me pursuant to the Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

Dated:_____        By:_____

_____

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071